*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* BAILEY, Minors.

UNPUBLISHED
July 16, 2026
10:12 AM

No. 379731
St. Clair Circuit Court
Family Division
LC No. 25-000209-NA

Before: GADOLA, C.J., and BOONSTRA and CAMERON, JJ.

PER CURIAM.

Respondent appeals by right the trial court's assumption of temporary jurisdiction over her minor children, ASB and DSB, under MCL 712A.2(b)(1) and (2). We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Before the petition was filed in this case, respondent was working with Children's Protective Services (CPS) for over a year regarding ongoing concerns about the cleanliness and safety of her home and the neglect of her children. Respondent's home was infested with insects, cluttered with garbage, and unsafe for her children. Respondent also chronically neglected to care for her children's emotional, educational, and physical needs. Despite CPS's efforts designed to address these concerns, respondent failed to meaningfully engage in or benefit from those services.

At a pretrial hearing, respondent agreed to admit to the allegations made in the petition and consent to the trial court's exercise of temporary jurisdiction over her children. In exchange, petitioner agreed to file an amended petition incorporating modifications requested by respondent—which it later did. Before accepting respondent's plea, the trial court advised respondent of her rights, and respondent confirmed that she understood the rights she was waiving. The trial court accepted respondent's plea, finding that it was knowingly and voluntarily made, and entered an order establishing temporary jurisdiction over the children. This appeal followed.

## II. PRESERVATION AND STANDARD OF REVIEW

Respondent's appellate arguments are unpreserved because she failed to raise them in the trial court. *In re Utrera*, 281 Mich App 1, 8; 761 NW2d 253 (2008). Unpreserved arguments are reviewed for "plain error affecting substantial rights." *Id*. "To avoid forfeiture under the plain error rule, three requirements must be met: 1) the error must have occurred, 2) the error was plain, i.e., clear or obvious, 3) and the plain error affected substantial rights." *In re VanDalen*, 293 Mich App 120, 135; 809 NW2d 412 (2011) (quotation marks and citations omitted). "Generally, an error affects substantial rights if it caused prejudice, i.e., it affected the outcome of the proceedings." *In re Utrera*, 281 Mich App at 9.

## III. ANALYSIS

Respondent argues that the evidence was insufficient to support the trial court's assumption of jurisdiction over her children. We disagree.

To properly exercise jurisdiction over children involved in child protective proceedings, the trial court must find, by a preponderance of the evidence, that at least one statutory basis for jurisdiction under MCL 712A.2(b) exists. *In re Miller*, 347 Mich App 420, 424; 15 NW3d 287 (2023). "A preponderance of the evidence is evidence that, when weighed with that evidence opposed to it, has more convincing force and the greater probability of truth." *Boshell/Shelton*, ___ Mich App at ___; slip op at 3 (quotations marks, brackets, and citation omitted).

Although respondent frames her appeal as a challenge to the sufficiency of the evidence used by the trial court to assume jurisdiction, the substance of her argument is different. Respondent contends that the trial court improperly assumed jurisdiction over her children merely because she was unable to attend the preliminary hearing, the preliminary hearing should have been adjourned to accommodate her absence, and she was not given enough time to remedy the deplorable conditions that led to the children's removal.

We need not address these arguments because respondent waived them when she knowingly and voluntarily consented to the trial court's assumption of jurisdiction. Indeed, her brief argument fails to allege any defects in the plea-taking process. See *People v Carter*, 462 Mich 206, 215; 612 NW2d 144 (2000) (waiver is the intentional abandonment or relinquishment of a known right); *In re Hudson*, 294 Mich App 261, 264; 817 NW2d 115 (2011) (concluding that the respondent's appellate argument challenging the statutory grounds for termination directly contradicted her plea, and, because she "claim[ed] no irregularity pertaining to her . . . plea[,]" she could "not assign as error on appeal something that she deemed proper in the lower court because allowing her to do so would permit respondent to harbor error as an appellate parachute.").

Affirmed.

/s/ Michael F. Gadola
/s/ Mark T. Boonstra
/s/ Thomas C. Cameron